*536 The opinion of the Court was delivered by
Whitner, J.
The questions in this case lie within a very narrow compass.
That a ca. sa. may issue as a renewal of a fi.fa. is well settled : Robertson and Gilfillan vs. Shannon, (2 Strob. 434,) and earlier authorities there cited.
That the plaintiff may takeout both a fi.fa. and ca. sa. at the same time, or, having taken out one, may still have a right to the other, on proper return, is equally clear.
That the ca. sa. in question was issued within the period of renewability, is also undeniable.
But the A. A. of 1839, section 19, (11 Stat. 76,) provides that “ it shall not be lawful for any clerk to affix the seal of the Court to any renewed execution, unless the one previously issued shall have been delivered to him, or unless authorized by a Judge’s order.”
The ft. fa. in this case was not produced, and the “ Abstract Book” of the clerk contained no entry of “renewal or satisfaction.” From the omission of the clerk to make the entry, and in the absence of proof of return or delivery, the argument is, that the clerk shall be presumed to have violated the law in renewing the execution. But the maxim, omnia prcesumuntur rite esse acta, is of universal application and leads to a different conclusion. All persons are presumed to have duly discharged any duty imposed by law. Thus the judgment of Courts of competent jurisdiction are presumed to be well founded and their records to be correctly made. Judges and jurors are presumed to do nothing carelessly or maliciously; and public officers are presumed to do their duty. (Best on Presump. 68 et seq.) The production of the ca. sa., issued within the time, in the absence of other proof, would well authorize the presumption, for all the purposes of this case, that it was regularly done.
The remaining ground, for difference in the allegation and proof es to the original writ, seems clear of all difficulty. The views of the presiding Judge quite sufficiently vindicate the judgment of the Court. It may be added, however, that the allega *537 tion would have been sufficient if the words, “ for the district of Fairfield,” had been omitted; and perhaps no violence would be done to reject them as surplusage.
The motion for nonsuit is refused.
O’Neall, Evans, Wardlaw, Frost and Withers, JJ. concurred.

Motion refused.